UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In the Matter of<br><br>Morris W Sampson, III and Denise D Sampson,<br>　　　Debtor(s). | CHAPTER 13<br><br>CASE NO. 19-13914-jkf<br><br>**HEARING DATE: 11/13/19**<br>**HEARING TIME: 9:30 a.m.** |
| Kondaur Capital Corporation, not in its individual capacity but solely in its capacity as Separate Trustee of Matawin Ventures Trust Series 2019-2,<br>　　　Movant<br><br>vs.<br><br>Morris W Sampson, III and Denise D Sampson,<br>　　　Respondent<br><br>and<br><br>Scott F. Waterman,<br>　　　Trustee. | **LOCATION**<br>U.S. Bankruptcy Court<br>Eastern District of Pennsylvania<br>Courtroom #___<br>900 Market Street<br>Philadelphia, Pennsylvania |

## CONSENT ORDER RE MOTION FOR RELIEF

IT IS HEREBY CONSENTED by and between Movant, Kondaur Capital Corporation, not in its individual capacity but solely in its capacity as Separate Trustee of Matawin Ventures Trust Series 2019-2, its assignees and/or successors in interest, through its counsel, Jason Brett Schwartz, Esquire, and Debtors Morris W Sampson, III and Denise D Sampson, through their counsel, Brad J. Sadek, Esquire, and Scott F. Waterman, Chapter 13 Trustee, as follows:

1.　　　Debtors shall maintain the regular monthly payments on Movant's loan obligation, and otherwise comply with all other terms of the subject Note and Mortgage,

1

including, but not limited to, the requirement to maintain insurance naming Movant as the loss payee, encumbering the subject Property, generally described as **9 Concord Road, Borough of Darby, Pennsylvania 19023**, in a timely fashion, commencing with the December 1, 2019 payment. Payments on Movant's loan obligation shall be made to Movant, Kondaur Capital Corporation, P.O. Box 1449, Orange, CA 92856-1449, Attention: Bankruptcy Department.

2. Debtors shall pay off arrearages in the total amount of $4,015.20, representing the regular monthly payments ($596.84 each) due from July 1, 2019 through November 1, 2019; plus attorneys' fees and costs in the amount of $1,031.00. Said arrearages shall be paid in monthly installments of $669.20 each, commencing December 15, 2019, and continuing on the 15th of each month thereafter until May 15, 2020. Said payments shall be made concurrently with the regular monthly payments.

3. In the event Debtors fail to timely and properly comply with the payments set forth in Paragraphs 1 or 2 hereinabove, or any other terms of the subject Note and Mortgage including, but not limited to, the requirement to maintain insurance naming Movant as the loss payee, Movant may mail a Letter of Default to Debtors and Debtors' counsel. Debtors shall have fifteen (15) days from the date of mailing of said Letter within which to cure the existing breach. If Debtors fail to do so, then on the sixteenth (16th) day, Movant shall serve and lodge a Certification of Default along with a final Order for Relief from the Automatic Stay. Upon the entry of said Order, the Automatic Stay in the above-entitled bankruptcy proceeding shall be immediately vacated and extinguished for all purposes as to Movant, allowing Movant to proceed with foreclosure of the subject Property, pursuant to applicable State law.

4. Any funds received by Movant, which are subsequently returned for non-sufficient funds, including funds received and applied prior to the terms of this Order, shall be

2

subject to the default provisions contained herein.

5. Should Movant obtain relief from the automatic stay due to a breach of the terms of this Order, any Order for Relief from the Automatic Stay shall provide for the 14-day stay described by Bankruptcy Rule 4001(a)(3) to be waived.

6. A Notice of Fees, Expenses, and Charges pursuant to Bankruptcy Rule 3002.1(c) is not required for the fees and costs included and disclosed as part this Order.

7. Debtors and Movant hereby acknowledge that except as modified by this Consent Order, all terms, conditions, rights and remedies contained in the loan documents shall remain in full force and effect and continue to remain valid and enforceable. Debtors further acknowledge and agree that this consent order is a supplement in addition to the loan documents and not in lieu thereof.

8. The parties agree that a signature transmitted electronically or by facsimile shall be accorded the same force and effect, and may be submitted to the Court. Any amendments to this consent order must be in writing signed by both the Debtors and the Movant or their respective counsel.

Dated: _____

Respectfully submitted,

MESTER & SCHWARTZ, P.C.

/s/ Jason Brett Schwartz
Jason Brett Schwartz, Esquire
Counsel for Movant
1333 Race Street
Philadelphia, PA 19107
Telephone (267) 909-9036
Facsimile (215) 665-1393
E-Mail: jschwartz@mesterschwartz.com
K.052-918

Dated: 11/12/19

Brad J. Sadek, Esq.
Sadek and Cooper
1315 Walnut Street
Suite 502
Philadelphia, PA 19107
215-545-0008
Fax : 215-545-0611
Email: brad@sadeklaw.com

Dated: _____

/s/ Polly A. Langdon
Scott F. Waterman
Chapter 13 Trustee
2901 St. Lawrence Ave.
Suite 100
Reading, PA 19606
(610) 779-1313
Email: ECFMail@ReadingCh13.com

**IT IS SO ORDERED**

_____
JEAN K. FITZSIMON
BANKRUPTCY JUDGE

4